UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MICHAEL JARRETT and JENNIFER JARRETT,                                    PLAINTIFFS

v.                                                              CIVIL ACTION NO. 3:15-CV-00563-CRS

LVNV FUNDING, LLC;
RESURGENT CAPITAL SERVICES, LP,                                          DEFENDANTS

Memorandum Opinion

I.      Introduction

Michael and Jennifer Jarrett (the "Plaintiffs") sued LVNV Funding, LLC and Resurgent Capital Services, LP (collectively, the "Defendants") under the Fair Debt Collections Practices Act.

The Defendants move for summary judgment on all claims. For the reasons below, the Court will grant summary judgment to the Defendants. The Court will dismiss the claims, with prejudice.

II.     Summary judgment standard

A party moving for summary judgment must show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 – 48 (1986).

III.    Undisputed facts

1

The Plaintiffs defaulted on a HSBC Bank Nevada credit card account. The complaint says, "Upon information and belief, the face amount due on the HSBC credit card debt at the time of charge off was $1,100.00." Compl. ¶ 16, ECF No. 1-1.

In March 2010, LVNV bought the HSBC Bank Nevada debt. At least one or both Defendants reported to credit reporting agencies that the Plaintiffs owed a debt of $1,605.00.

On November 27, 2014, Michael and Jennifer Jarrett (the "Plaintiffs") filed for Chapter 7 bankruptcy. In Schedule F of the petition, the Plaintiffs listed a debt owed to LVNV Funding, LLC in the amount of $1,605.00. The Plaintiffs did not list any debt on Schedule F as "disputed," including the debt owed to LVNV. On March 13, 2015, the bankruptcy court discharged the Plaintiffs' debts. Discharge of Debtor, ECF No. 10-2.

In May 2015, the Plaintiffs filed this Fair Debt Collections Practice Act claim in Kentucky state court. The Defendants properly removed to this Court.

   IV.   Analysis

     A.  Judicial estoppel

The Sixth Circuit Court of Appeals has said,

> Judicial estoppel generally prevents a party from prevailing in one phase of a case on an argument then relying on a contradictory argument to prevail in another case. This doctrine is utilized in order to preserve the integrity of the courts by preventing a party from abusing the judicial process through cynical gamesmanship. In the bankruptcy context, this court has previously noted that judicial estoppel bars a party from (1) asserting a position that is contrary to one that the party has asserted under oath in a prior proceeding, where (2) the prior court adopted the contrary position either as a preliminary matter or as part of a final disposition. …judicial estoppel is inappropriate in cases of conduct amounting to nothing more than mistake or inadvertence. Two circumstances in which a debtor's failure to disclose might be deemed inadvertent are: (1) where the debtor lacks knowledge of the factual basis of the undisclosed claims, and (2) where the debtor has no motive for concealment.

*White v. Wyndham Vacation Ownership, Inc.*, 617 F.3d 472, 476 (6th Cir. 2010) (internal citations and quotations omitted).

2

In *Orkies*, this Court granted a motion to dismiss claims under the Fair Debt Collections Practices Act and the Fair Credit Reporting Act. *Orkies v. Midland Funding, LLC*, 2015 WL 796360 *1, *2 (W.D. Ky. Feb. 25, 2015). The plaintiff filed a Chapter 7 bankruptcy petition and listed an unsecured nonpriority debt to Midland Funding, LLC on Schedule F. *Id.* at *1. The plaintiff did not list the contingent and unliquidated claim on Schedule B. *Id.* at *2. The bankruptcy court discharged the debt. *Id.* at *1. This Court found that the plaintiff took a contrary position in asserting her Fair Debt Collections Practice Act and Fair Credit Reporting Act claims than the one she should took in the bankruptcy proceedings, and on which the bankruptcy court relied in granting her a discharge. *Id.* at *3. This Court also found no evidence of mistake or inadvertence in omitting the claim in the bankruptcy petition. *Id.*

B. Application

The Plaintiffs argue that *White* and *Orkies* do not apply because "the Jarretts did disclose their FDCPA claims in their bankruptcy petition." Pl.'s Resp. Mot. Summ. J. 5, ECF No. 12. Further, "Any failure to list the LVNV debt as 'disputed' was a simple mistake; the failure, if any, was truly inadvertent." Pl.'s Resp. 12. These arguments are unpersuasive.

The Plaintiffs listed the debt on Schedule 7 of the bankruptcy petition. The Plaintiffs failed to indicate in Schedule 7, or anywhere else in their bankruptcy petition, that they disputed the amount of the debt they owed the Defendants. The Court finds that the Plaintiffs took a sworn legal position when they listed the debt as undisputed on Schedule 7. The bankruptcy court relied on that sworn legal position as part of a final disposition in discharging their debt. The Plaintiffs cannot now rely on a contrary position, that they dispute the debt, to prevail in this case.

Furthermore, the Court finds no mistake or inadvertence that would bar the application of judicial estoppel. Here, as in *Orkies*, the same attorney who represented the Plaintiffs in the bankruptcy proceeding now represents the Plaintiffs in this action. *See* 2015 WL 796360 at *1. There is an absence of evidence of mistake or inadvertence with respect to the omission that the Plaintiffs disputed the debt owed to the Defendants in the bankruptcy petition. *See id.* at *3. Further, counsel's statement in a brief that the claims were not listed as disputed because of inadvertence and mistake is not an offer of evidence. *See id.* at *3 n.4.

The Court concludes that judicial estoppel bars the Plaintiffs from pursuing their Fair Debt Collections Practice Act claims against the Defendants in this action. The Court will grant summary judgment to the Defendants on the Plaintiffs' claims.

V. Conclusion

The Court will grant summary judgment to the Defendants on the Plaintiffs' claims. The Court will dismiss the claims with prejudice.

March 8, 2016

**Charles R. Simpson III, Senior Judge**
**United States District Court**